**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOSEPHINE PARROTT,

                Plaintiff,

vs.                                             Case No. 3:17-cv-98-J-JRK

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I. Status**

Josephine Parrott ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of "Type II Diabetes," "Pancreatitis," "Arthritis," as well as bowel and other issues.[2] Modified Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed April 17, 2017, at 89, 98, 111, 121, 236[3]; see also Tr. at 91, 100. On June 11, 2013,

---

      [1]       The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 13), filed April 17, 2017; Reference Order (Doc. No. 16), entered April 19, 2017.

      [2]       The other issues are more private in nature. It is not necessary to discuss them in this Opinion and Order.

      [3]       The administrative transcript evidently had to be modified because the original one (that was not filed in this Court) contained a page with information that "pertains entirely to another individual." See Certification preceding Tr. In addition, after the administrative transcript was filed, a supplemental transcript (Doc. No. 12; "supplemental administrative transcript" or "Supp'l Tr.") was filed, that contains a "medical record from Florida Health Duval which was inadvertently omitted from the administrative record in the case of Josephine Parrott, certified March 7, 2017." See Certification preceding Supp'l Tr. The pagination assigned by the Administration continues from the administrative transcript to the

(continued...)

Plaintiff filed an application for DIB, alleging an onset disability date of June 30, 2012, Tr. at 195-201, and on June 12, 2013, Plaintiff filed an application for SSI, alleging the same onset date, Tr. at 202-07 (SSI). Plaintiff's applications were denied initially, see Tr. at 87, 98-106, 107, 133-37 (DIB), 88, 89-97, 108, 138-43 (SSI), and were denied upon reconsideration, see Tr. at 109, 111-20, 131, 149-53 (DIB), 110, 121-30, 132, 154-58 (SSI).

On May 13, 2015, an Administrative Law Judge ("ALJ") held a hearing, during which the ALJ heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 61-86. At the time of the hearing, Plaintiff was fifty-two (52) years old. Tr. at 64. The ALJ issued a Decision on August 27, 2015, finding Plaintiff not disabled through the date of the Decision. Tr. at 49-56. Plaintiff then submitted additional evidence to the Appeals Council in the form of a brief authored by her counsel and some medical records. Tr. at 5-6; see Tr. at 288-90 (brief), 8-9, 483-510 (medical records). On December 8, 2016, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On January 26, 2017, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff makes two arguments. See Plaintiff's Brief (Doc. No. 20; "Pl.'s Br."), filed July 18, 2017, at 1. First, Plaintiff argues that the ALJ "improperly minimized the severity of [Plaintiff's] physical impairments in light of [Plaintiff's] physical therapy notes dated September 2014 to November 2014 and erred in failing to order a consultative examination."

---

[3](...continued)
supplemental administrative transcript. Citations to any page after 494 are to the supplemental transcript.

Pl.'s Br. at 1; see id. at 8-11.  Second, Plaintiff contends that "[t]he Appeals Council erred in failing to remand [Plaintiff's] case for consideration of [consultative examining physician William Choisser, M.D.'s] complete report and the treating ophthalmology records of [Gregory M. Lewis, M.D.] dated prior to the date of the [ALJ's ]Decision." Id. at 1 (emphasis omitted); see id. at 11-14.  Plaintiff continues regarding the second argument, "Because there is a reasonable possibility that the new evidence would change the administrative outcome, this matter should be remanded for consideration of the new and material evidence." Id. at 1; see id. at 11-14.  On October 3, 2017, Defendant filed a Memorandum in Support of the Acting Commissioner's Decision (Doc. No. 24; "Def.'s Mem.") addressing Plaintiff's arguments.

After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be reversed and remanded for further proceedings.  Addressing Plaintiff's second argument, the undersigned finds that the Appeals Council erred in refusing to consider the additional evidence presented to it.  On remand, consideration of this evidence will impact the first argument raised by Plaintiff in this appeal.  For this reason, the Court need not address that argument.  See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.  The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry.  See Tr. at 51-56.  At step one, the ALJ determined that Plaintiff "engaged in substantial gainful activity during . . . 2012" but "there has been a continuous 12-month period(s) during which [Plaintiff] did not engage in substantial gainful activity."  Tr. at 51 (emphasis and citation omitted).  "The remaining findings [in the ALJ's Decision] address the period(s) [Plaintiff] did not engage in substantial gainful activity."  Tr. at 51.  At step two, the ALJ found that Plaintiff "has the following severe impairments: diabetes mellitus, type II; gastrointestinal disorder; status post surgeries [related to private issues]; pancreatitis; obesity; and arthropathies."  Tr. at 52 (emphasis and citation omitted).  At step three, the ALJ ascertained that "[Plaintiff] does not have an

---

[4]  "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 52 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"): "[Plaintiff can] perform the full range of light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b)." Tr. at 52 (emphasis omitted). At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is capable of performing past relevant work as a cosmetologist and security/gate guard [because t]his work does not require the performance of work-related activities precluded by [Plaintiff's RFC]." Tr. at 55 (emphasis and citations omitted). Because the ALJ found Plaintiff is capable of performing her past relevant work at step four, the ALJ was not required to, nor did he, proceed to step five. See Tr. at 56. The ALJ concluded that Plaintiff "has not been under a disability . . . from June 30, 2012, through the date of th[e D]ecision." Tr. at 56 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff contends the Appeals Council erred in denying review after accepting additional evidence in the form of Dr. Choisser's examination summary and opinion, as well as Dr. Lewis's ophthalmology records (that consist of a treatment note and a letter to Plaintiff). Pl.'s Br. at 1, 11-14; see Tr. at 8-9, 484-87 (Dr. Choisser), 491-94 (Dr. Lewis). Plaintiff contends the Appeals Council erroneously refused to consider the evidence because it is new, material, and carries a reasonable possibility that the administrative result would change. Pl.'s Br. at 1, 11-14. Responding, Defendant contends the Appeals Council did not err in refusing to consider the evidence because "Dr. Choisser's evaluation and opinion were not chronologically relevant and Dr. Lewis's treatment note and letter would not change the ALJ's finding of no disability." Def.'s Mem. at 10-11.

Dr. Choisser examined Plaintiff on an unknown date, and on April 19, 2016, he authored a summary of Plaintiff's history and examination, as well as rendered an opinion

regarding the effects of Plaintiff's impairments.[5]  Tr. at 8-9, 484-87.  Dr. Choisser's opinion, if accepted, would indisputably result in a finding of disability.  See Tr. at 484-87.  Dr. Choisser opined that Plaintiff's symptoms and limitations were present as of 2012, Tr. at 487, encompassing the relevant time period (and well before the ALJ's August 27, 2015 Decision).  Although Dr. Choisser did not state so, his detailed summary of Plaintiff's medical history strongly suggests he reviewed Plaintiff's medical records from the relevant time or at least a summary of them.  See Tr. at 8.

The new evidence with respect to Dr. Lewis is a treatment note dated August 1, 2013, Tr. at 492-94, and a letter to Plaintiff dated May 7, 2014, Tr. at 491.  This evidence pre-dates the ALJ's August 27, 2015 Decision.  The treatment note reflects "[o]cular [c]omplications" from diabetes.  Tr. at 492.  Dr. Lewis stressed to Plaintiff the importance of "blood pressure control" and "blood sugar control in the prevention of ocular complications."  Tr. at 493.  Although Dr. Lewis's plan was to continue observation of Plaintiff's ocular complications, Tr. at 493, evidently Plaintiff cancelled her followup appointment that was scheduled for December 5, 2013 and did not reschedule it, see Tr. at 491.  This prompted Dr. Lewis to write Plaintiff a letter dated May 7, 2014 that stated in part:

> You have an eye condition that will worsen without proper care.  Your problem is with your retina which is the film of nerve tissue in the back of the eye. Without proper care and follow-up your retina may be permanently damaged resulting in visual loss or blindness.

Tr. at 491.

---

[5]  Although the exact date of the examination is unknown, it likely occurred close to or on April 19, 2016, when Dr. Choisser authored the summary and rendered the opinion.

The Appeals Council accepted the evidence from Dr. Choisser and Dr. Lewis, Tr. at 5-6, and then denied review, Tr. at 1-4. In denying review, the Appeals Council stated that it looked at only "2 pages" of Dr. Choisser's evidence (that actually consists of more than two pages), said nothing about Dr. Lewis's evidence, and inexplicably stated that it looked at evidence that is not listed on the Appeals Council's Exhibit List or in the Order accepting additional evidence: that is, "medical records from Florida Health Duval dated January 11, 2016." Tr. at 2; see Tr. at 5-6 (exhibit list and Order accepting additional evidence). This Florida Health Duval evidence did not make its way into the administrative transcript; the supplemental transcript consists of it. Tr. at 495-510. Regarding Dr. Choisser's evidence and the Florida Health Duval evidence, the Appeals Council stated:

> The [ALJ] decided your case through August 27, 2015. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before August 27, 2015.

Tr. at 2. In other words, the Appeals Council refused to substantively consider the evidence because it found the evidence to be chronologically irrelevant.[6] See Washington v. Soc. Sec. Admin., Comm'r, 806 F.3d 1317, 1320 (11th Cir. 2015) (Appeals Council refused to consider additional evidence from two doctors "because their opinions concerned a later time period and were immaterial to whether [the plaintiff] was disabled on or before the date of the ALJ's decision").[7]

---

[6] Defendant does not suggest the Appeals Council actually considered the evidence. See Def.'s Mem. at 11-16.

[7] Plaintiff's argument on appeal does not address the Florida Health Duval evidence, so the undersigned does not discuss it herein.

When the Appeals Council is presented with evidence that was not presented to the ALJ, the Appeals Council "must review the case if 'the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007) (quoting 20 C.F.R. § 404.970(b)). Evidence first presented to the Appeals Council must be considered by the Council if it is "new, material, and chronologically relevant." Hargress v. Soc. Sec. Admin., Comm'r, — F.3d. —, No. 17-11683, 2018 WL 1061567, at *5 (11th Cir. Feb. 27, 2018) (citing 20 C.F.R. § 404.970(b), 416.1470(b) (2016)[8]); see also Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.970(b)). Regarding the materiality requirement, "[e]vidence is material if 'there is a reasonable possibility that the new evidence would change the administrative outcome.'" Atha v. Comm'r, Soc. Sec. Admin., 616 F. App'x 931, 936 (11th Cir. 2015) (quoting Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987)).

Evidence may be chronically relevant even if it post-dates the ALJ's decision. See Washington, 806 F.3d at 1322. In Washington, for instance, the United States Court of Appeals for the Eleventh Circuit held that an examining psychologist's opinions were chronically relevant "even though [the psychologist] examined [the claimant approximately seven] months after the ALJ's decision." Id. This was because the psychologist reviewed the claimant's treatment records from the period before the ALJ's decision; because the claimant told the psychologist he had suffered from the conditions at issue "throughout his life" (which obviously would include the relevant time period); and because there was "no

---

[8] These Regulations and others were amended effective January 17, 2017. The relevant versions for purposes of this Opinion and Order are those that were in effect prior to the 2017 amendment.

assertion or evidence" that the claimant's condition "declined in the period following the ALJ's decision." Id.

In Stone v. Social Security Administration, 658 F. App'x 551, 555 (11th Cir. 2016) (unpublished), on the other hand, the Court found the circumstances "significantly different" from those in Washington; this was in part because the new records in Stone "demonstrate[d] a worsening" of the relevant symptoms after the ALJ's decision, id. Similarly, in Hargress, the Court found that progress notes post-dating the ALJ's decision did "not relate to the period before the ALJ's . . . decision" and "nothing in these new medical records indicates the doctors considered [the claimant's] past medical records or that the information in them relates to the period at issue, which materially distinguishes this case from Washington." Hargress, 2018 WL 1061567, at *6. Further, the Court found that a treating physician's opinion post-dating the ALJ's decision was not chronologically relevant because, even though the physician opined that the limitations dated back to 2013 (prior to the ALJ's decision), "nothing in the form [completed by the physician] or any other documents indicated that [the physician] evaluated [the claimant's] past medical records when forming that opinion," and the physician "did not treat [the claimant] in 2013." Id.

At the end of the day, although the Appeals Council is "not required to give a . . . detailed explanation or to address each piece of new evidence individually," id. at 6 (citing Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 784 (11th Cir. 2014)), if the Appeals Council "erroneously refuses to consider evidence, it commits legal error and remand is appropriate," Washington, 806 F.3d at 1320.[9]

---

[9] By contrast, when the Appeals Council actually considers evidence first presented to it but denies review, different standards apply. When a claimant challenges the Appeals Council's denial
(continued...)

Here, with respect to the evidence from Dr. Choisser, Defendant, relying mainly on Stone, contends the Appeals Council correctly refused to consider Dr. Choisser's summary and opinion because they are not chronologically relevant. Def.'s Mem. at 11-14. The undersigned disagrees and finds this case to be more analogous to Washington than to Stone or Hargress. Like the examining psychologist in Washington, Dr. Choisser examined Plaintiff less than eight months after the ALJ's Decision. Dr. Choisser's summary of Plaintiff's medical history demonstrates that he very likely reviewed Plaintiff's medical records from the relevant time period or some sort of summary of the records, in addition to relying on Plaintiff's reports. See Tr. at 8. Dr. Choisser opined about the various effects of Plaintiff's impairments on her ability to perform work-related functions, and he specifically opined these limitations were present as of 2012, encompassing the relevant time period (and well prior to the ALJ's Decision). Tr. at 485-87.[10]

---

[9](...continued)
in that instance, a reviewing court must determine whether the new evidence renders the denial of benefits erroneous. See Mitchell, 771 F.3d at 784-85 (citing Ingram, 496 F.3d at 1262); see also Coleman v. Comm'r of Soc. Sec., 454 F. App'x 751, 754 (11th Cir. 2011) (citation omitted) (noting that "[t]he Appeals Council may deny review if the new evidence does not show the ALJ's decision to be erroneous"). In other words, a claimant seeking remand under sentence four of 42 U.S.C. § 405(g), "must show that, in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole." Timmons v. Comm'r of Soc. Sec., 522 F. App'x 897, 902 (11th Cir. 2013) (unpublished) (citing Ingram, 496 F.3d at 1266-67); see also Mitchell, 771 F.3d at 785.

[10] As previously noted, the Hargress Court found that a treating physician's opinion post-dating the ALJ's decision was not chronologically relevant because, even though the physician opined that the limitations dated back to 2013 (prior to the ALJ's decision), the physician "did not treat [the plaintiff] in 2013." Hargress, 2018 WL 1061567, at *6. At first blush, this reasoning may appear applicable here. However, there is no indication that the treating physician in Hargress had a broad or longitudinal understanding of the claimant's entire relevant medical history. See id. (stating that "nothing in the form or any other documents indicated that [the physician] evaluated [the claimant's] past medical records when forming that opinion"). Further, Dr. Choisser, the examining physician here, routinely does examinations for the Administration, see Tr. at 484, and is therefore familiar with the standards by which the Administration determines a claimant's abilities. (Indeed, he is also a member of The Florida Bar. See Tr. at 490 (Dr. Choisser's resume).)

-11-

It does not even appear that the Appeals Council was aware of Dr. Choisser's opinion regarding the various effects of Plaintiff's impairments, because the Appeals Council must only have been referring to the two-page summary of Plaintiff's examination and history when it stated that it "looked at . . . [evidence] from William Choisser dated April 19, 2016 (2 pages)." Tr. at 2. The portion of Dr. Choisser's evidence that specifically addresses Plaintiff's work-related functions and her ability to perform tasks is separated from the initial summary, and it consists of at least three pages (four if the cover letter from Plaintiff's counsel is counted). See Tr. at 484-87. Finally, there is no serious contention that Plaintiff's condition significantly worsened after the ALJ's Decision, and the evidence submitted to the Appeals Council does not demonstrate such a worsening. In light of all of these facts, the Appeals Council erred in refusing to substantively consider Dr. Choisser's examination summary and opinion, and remand is required.[11] See Washington, 806 F.3d at 1320.

With respect to the treating ophthalmologist, Dr. Lewis, Defendant contends the Appeals Council correctly refused to consider this evidence because it does not meet the materiality requirement. See Def.'s Mem. at 14-16. The Appeals Council, even after accepting the evidence from Dr. Lewis into the record, see Tr. at 5-6, made no mention of it in their Order denying review, see Tr. at 2. Evidently, then, the Appeals Council did not consider this evidence.

---

[11] The undersigned notes that part of Plaintiff's argument to the Appeals Council both in her brief to the Council and in a April 20, 2016 cover letter with Dr. Choisser's evidence (and then repeated to this Court) was that the ALJ erred in failing to obtain "a consultative examination based on more recent physical therapy notes indicating that [Plaintiff] was in far worse condition but could not afford medical care." Tr. at 484; see also Tr. at 288-90. Plaintiff's counsel "arranged for an examination with Dr. Choisser who performs examinations routinely for the . . . Administration." Tr. at 484. Plaintiff's counsel specifically argued to the Appeals Council (via the letter dated April 20, 2016) that Dr. Choisser's evidence "is new and clearly material as it relates back to the time period prior to the date [the ALJ] denied her case." Tr. at 484.

The ALJ in the Decision did not refer to any ocular complications. See Tr. at 49-56. Further, the only medical opinion that the ALJ (partially) relied upon is from a non-examining physician, David Guttman, M.D., who opined Plaintiff has no visual limitations. See Tr. at 55 (ALJ's Decision giving "[p]artial weight" to "the State Agency physician's opinion" located in Exhibits 9A and 10A, which contain Dr. Guttman's opinion); Tr. at 117-18, 127-28 (Dr. Guttman stating Plaintiff has no visual limitations). In light of these circumstances, it appears that the evidence is material. The undersigned need not decide for certain, however, because the matter is due to be remanded for consideration of Dr. Choisser's evidence. On remand, the Administration shall also consider Dr. Lewis's evidence.

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

 (A) Consider the additional evidence submitted to the Appeals Council;

 (B) If appropriate, address the other issue raised by Plaintiff in this appeal; and

 (C) Take such other action as may be necessary to resolve this matter properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on March 20, 2018.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of record